# In The Matter Of:

*United States of America v.*
*Justin Cole Milam*

---

*October 12, 2017*
*Arraignment*

---

*Jill H. Trail, RPR*

Original File 101217RE Milam_Justin Cole.txt
Min-U-Script® with Word Index

1          IN THE UNITED STATES DISTRICT COURT

2       FOR THE EASTERN DISTRICT OF NORTH CAROLINA

3                  WESTERN DIVISION

4

5   _____   )

    UNITED STATES OF AMERICA,          )

6                                      )

        v.                             )   Case No.

7                                      )   5:17-cr-00265-1FL

    JUSTIN COLE MILAM,                 )

8                                      )

             Defendant.                )

9   _____   )

10                      ARRAIGNMENT

11              TRANSCRIPT OF PROCEEDINGS

12

13   DATE:          October 12, 2017

14   BEFORE:        The Honorable Kimberly A. Swank
                    Magistrate Judge

15
     APPEARANCES:
16                      ETHAN A. ONTJES, ESQUIRE
                    United States Attorney's Office
17                  310 New Bern Avenue, Suite 800
                    Raleigh, North Carolina  27601
18
                    THOMAS COURTLAND MANNING, ESQUIRE
19                  Manning Law Firm
                    1312 Annapolis Drive, Suite 201
20                  Raleigh, North Carolina  27608
                    Counsel for the Defendant
21

22

23

24   REPORTED BY:  Rachel E. Evans, CCR

25   TRANSCRIBED BY:  Jill H. Trail, RPR

```
1              THE COURT:  All right.  I ask that each
2   of the defendants appearing before the Court today to
3   listen carefully to the following information.  This
4   information will be an important part of your case, and
5   you may be called upon today to make decisions based on
6   this information.
7              I now advise each of you as follows:
8              You are here today because a Bill of
9   Indictment has been returned against you by the grand
10  jury or because the United States Attorney has filed a
11  Criminal Information charging you with a violation of
12  one or more federal criminal laws.
13             You have certain rights as relate to
14  these charges, and I am going to explain those rights
15  to you.  First of all, you have the right to remain
16  silent.  No one can force you to answer any questions
17  or to make any statement regarding the charges that you
18  face.  You need to understand that if you voluntarily
19  answer any questions, make any statements to anyone
20  other than to your attorney, anything that you say may
21  be used against you.
22             You have the right to be represented by
23  an attorney, and if you are not able to hire your own
24  attorney, you have the right to request that the court
25  appoint an attorney to represent you in your case.
```

1            You have the right to a trial by jury;

2    and at that trial, you will be presumed innocent.  You

3    don't have to prove anything.  Instead, the burden is

4    on the Government through its attorneys and its agents

5    to prove you guilty by competent evidence and beyond a

6    reasonable doubt.

7            The method for the Government to attempt

8    to do this is to call its witnesses who would testify

9    under oath in front of you, in front of a jury, and in

10   front of the presiding district judge.  You, through

11   your lawyer, would then have the right to cross-examine

12   these witnesses and to object to any evidence that you

13   believe to be legally improper.

14           You would also have the right to use the

15   subpoena power of this Court to bring to court

16   witnesses who may be favorable to you, to have those

17   witnesses testify under oath.  You also may elect to

18   take the witness stand and testify under oath at your

19   trial, but only if you wish to do so.  No one can force

20   you to take the witness stand and testify if you do not

21   want to.  And if you elect not to testify, the fact

22   that you do not testify cannot be used against you, and

23   the district judge will instruct the jury accordingly.

24           If you're not a United States citizen,

25   you have the right to request that an attorney for the

1  Government or a federal law enforcement official notify

2  a consular officer from your country of nationality

3  that you've been arrested.

4           Now, you're going to be called upon today

5  to enter a plea to the charges against you.  The plea

6  can either be guilty or not guilty.  If you plead

7  guilty to an offense, you will waive your right to a

8  trial by jury and the rights I just mentioned, other

9  than your right to an attorney.

10          You also will have to waive your right

11  not to incriminate yourself, because I cannot accept

12  your plea of guilty as to a particular offense unless

13  you admit in open court your guilt as to that offense.

14  If you plead guilty or are found guilty at trial,

15  whether the adjudication of guilt is upon a Bill of

16  Indictment or a Criminal Information, you may lose

17  certain valuable civil rights, such as the right to

18  possess any kind of firearm, the right to serve on a

19  jury, the right to hold public office, and the right to

20  vote.

21          You may also be ordered to make

22  restitution in money or services to any victims of your

23  crime if they are identifiable.  In certain cases, you

24  may be required to forfeit property to the United

25  States Government.  If your offense involves fraud, you

 1   may be required to provide notice of your conviction to

 2   the victims of your crime.  And if you're not a United

 3   States citizen, your immigration status may be

 4   adversely affected, and you may be subject to

 5   deportation, exclusion, or voluntary departure and

 6   prevented from obtaining United States citizenship.

 7              If you have a history of sex offenses, at

 8   the conclusion of any active sentence that is imposed,

 9   you may be subject to indefinite civil commitment as a

10   sexually dangerous person.  And if you're charged with

11   a sex crime, a conviction will likely result in

12   substantial further restrictions on where you may live

13   and work and with whom you may associate.

14              As required by law, a special assessment

15   of $100 for each felony offense or count to which you

16   plead guilty or are found guilty at trial will be

17   imposed against you.  This special assessment of $100

18   per count is in addition to or on top of any fine that

19   may also be imposed.

20              You may be given a term of supervised

21   release following any active term of incarceration that

22   is imposed.  Supervised release is similar to what you

23   may know of as probation.  The term of supervised

24   release in each individual case can range anywhere from

25   one year up to ten years, or in certain cases, up to

1   life.  It is based upon your individual criminal

2   history and the offense.

3                    Supervised release would require that you

4   report to an assigned United States probation officer

5   from time to time and to comply with any court imposed

6   or directed instructions.

7                    If you were to violate any supervised

8   release condition, you may be required to serve an

9   additional term of imprisonment.  The United States

10  Sentencing Commission has established advisory

11  guideline ranges for all federal crimes, and although

12  the district judge is no longer required to

13  specifically follow the guidelines in sentencing, he or

14  she is required to calculate the advisory guidelines

15  for each of your offenses.

16                   The district judge will then consider

17  that guideline range as well as any other relevant

18  factors that are set forth in the sentencing statute

19  before imposing sentence.  The district judge has the

20  authority in certain circumstances to depart upward or

21  downward from the advisory guideline range, and the

22  district judge will examine the relevant statutory

23  sentencing factors in determining whether to impose a

24  sentence that is either greater or lesser than the

25  advisory guideline range.

1           If the district judge imposes a sentence

2    that is outside the guideline range, he or she is

3    required to explain on the record at the time of

4    sentencing the reasons for imposing a sentence that is

5    outside the guidelines.

6           Under some circumstances, you and/or the

7    Government may be entitled to appeal your sentence even

8    if you've pled guilty to the underlying crime; however,

9    if you entered into a plea agreement with the

10   Government, and that plea agreement contains an appeal

11   waiver -- which virtually all plea agreements do in

12   this district -- you need to understand that the appeal

13   waiver may be binding on you, and your ability to

14   appeal whatever sentence is imposed will be severely

15   restricted.

16          You need to understand that parole has

17   been abolished in the United States court system, so if

18   you receive an active term of incarceration, you will

19   not be eligible for or receive parole.

20          With regard to plea agreements, you need

21   to know that the Court is not a party to plea

22   agreements, and does not participate in plea agreement

23   negotiations.  The Court is obligated, however, to

24   carefully examine any plea agreement to ensure that the

25   agreement conforms with the objectives of sentencing.

 1              To the extent you have entered into a

 2     plea agreement where the Government has agreed to

 3     recommend or not oppose your request that a particular

 4     sentence or sentencing range be applied, or the

 5     Government has recommended or requested that a

 6     particular provision of the sentencing guidelines,

 7     policy statement, or sentencing factor, either does or

 8     does not apply, that recommendation or request is not

 9     binding on the Court.

10              If the Court does not follow the

11     recommendation or request, you will not be entitled to

12     withdraw your guilty plea simply because you did not

13     receive the sentence that was recommended or requested.

14              If you plead guilty or are found guilty

15     at trial, a written presentence report will be prepared

16     by the United States probation officer to assist the

17     district judge at the time of sentencing.  You will be

18     asked to give information for that report, and you're

19     entitled to have your attorney present during the

20     interview.

21              After that report has been prepared, you

22     and your attorney will be given a copy of the

23     presentence report, and you'll have an opportunity to

24     review the report and to object to any portion of the

25     report that you believe to be inaccurate or improper.

1     If you do not contest the facts set forth in the

2     presentence report, and the Court's own independent

3     findings are consistent with those facts, those facts

4     will be accepted by the Court as correct, and will be

5     replied upon by the Court in determining the guidelines

6     that apply in your case.

7                   At the time of sentencing, you and your

8     attorney will be given an opportunity to speak to the

9     Court and to argue for a sentence that you believe you

10    and your attorney feel is appropriate under the

11    sentencing statute.

12                  Finally, if there are any victims of the

13    offenses for which you are sentenced, the victims will

14    be given an opportunity to be heard at the sentencing

15    hearing.

16                  That concludes my explanation of your

17    rights.  Those cases in which a plea of guilty is

18    entered today will be scheduled for sentencing no

19    sooner than 60 days from today.  We are now going to

20    take your cases up individually.

21                  Marshal, if you will please rearrange the

22    courtroom.

23                  All right.  Madam Clerk, if you will call

24    the next matter for hearing and swear or affirm the

25    defendant.

1              THE CLERK:  United States versus Justin

2    Cole Milam, Case Number 5:17-cr-00265-1-FL.

3              Place your left hand on the Bible, raise

4    your right, and state your name for the record.

5              THE DEFENDANT:  Justin Cole Milam.

6              (Defendant duly sworn.)

7              THE COURT:  There has not been a prior

8    indictment.  Is he in custody on state charges?

9              MR. MANNING:  Yes, Your Honor.

10   BY THE COURT:

11        Q.     All right.  Now, sir, we are here today

12   for your arraignment on some serious felony charges

13   that have been filed against you.  I have here a

14   document in my hand entitled Consent to Proceed Before

15   a United States Magistrate Judge for the purpose of

16   conducting your arraignment and taking your plea.  This

17   document appears to be signed by you, by your attorney,

18   and by a representative of the U.S. Attorney's Office.

19   Did you, in fact, sign this document, sir?

20        A.     Yes, ma'am.

21        Q.     And is it your knowing and voluntary

22   desire that for purposes of conducting your arraignment

23   and taking your plea, that these proceedings be

24   conducted before me, a United States Magistrate Judge?

25        A.     Yes, ma'am.

1      Q.      And do you understand, sir, that you are

2    now under oath, and that if you answer any of my

3    questions falsely, that your answers may later be used

4    against you in a separate prosecution for perjury or

5    for making a false statement?

6      A.      Yes, ma'am.

7      Q.      And what is your full name, sir?

8      A.      Justin Cole Milam.

9      Q.      And how old are you, sir?

10     A.      I'm 22.

11     Q.      And how far did you go in school?

12     A.      How far?  I have three and-a-half years.

13     Q.      Of college?

14     A.      Yes, ma'am.

15     Q.      And you're able to speak and understand

16   English without any difficulty, I take it?

17     A.      Yes, ma'am.

18     Q.      Are you able to read?

19     A.      Yes, ma'am.

20     Q.      Are you currently or have you recently

21   been treated for any mental illness or drug addiction?

22     A.      No, ma'am.

23     Q.      In the last 24 hours, have you had any

24   alcohol, any prescription medication, or any other

25   drugs or substances that might affect your ability to

1    understand what's going on in court today?

2         A.      No, ma'am.

3         Q.      Do you feel dizzy, lightheaded or

4    confused?

5         A.      No, ma'am.

6         Q.      Do you feel like you understand what's

7    going on in court today?

8         A.      Yes, ma'am.

9         Q.      And do you understand the charges against

10   you that have been filed?

11        A.      Yes, ma'am.

12        Q.      Now, have you been furnished with a copy

13   of the criminal information?

14        A.      Yes, ma'am.

15        Q.      So you've been charged in a one-count

16   criminal information that charges you with

17   manufacturing child pornography, and it alleges that

18   between November 2016 and January 2017, in the Eastern

19   District of North Carolina, that you knowingly

20   employed, used, persuaded, induced, enticed or coerced

21   a minor to engage in sexually explicit conduct for the

22   purpose of producing visual materials that have been

23   mailed, shipped, and transported in interstate and

24   foreign commerce, and that your conduct was in

25   violation of Title 18 United States Code Sections

1    2251(a) and (e).

2              Also included in that information is a

3    forfeiture allegation or notice informing the

4    Government is seeking to forfeit or upon conviction of

5    this offense that you would be forfeiting to the United

6    States certain items including visual depictions or

7    other matters containing visual depictions produced,

8    transported, mailed or shipped in violation of the

9    offenses, any property which is gross profits or

10   proceeds obtained from the offenses, any real or

11   personal property used to commit or promote the

12   commission of the offenses.  And then it specifies

13   certain property that it contends is forfeitable,

14   including but not limited to:  A 32 gigabyte flash

15   drive, an Apple iPhone 6s, an Apple iPod Second

16   Generation, and a 1 terabyte Seagate external hard

17   drive, as well as such forfeitable property?

18             Now at this time I'm going to ask the

19   United States Attorney's Office to advise you as to the

20   maximum penalties that you face if convicted of this

21   offense.

22             MR. ONTJES:  Yes, Your Honor.

23             Your Honor, as to this defendant, this

24   defendant faces not less than 15 years nor more than 30

25   years imprisonment and/or a $250,000 fine, not less

1    than five years up to a lifetime term of supervised

2    release.  Upon revocation of that supervised release,

3    up to a lifetime term of imprisonment.  Restitution is

4    applicable at $100 special exception.

5                    THE COURT:  All right.  So you're not,

6    the Government is not seeking then any --

7                    MR. ONTJES:  No, Your Honor, this

8    defendant has no criminal history; therefore, the

9    enhanced penalties do not apply.

10   BY THE COURT:

11       Q.      All right.  Sir, do you understand what

12   you are charged with in this Criminal Information and

13   the maximum penalties that you face if convicted of

14   this offense?

15       A.      Yes, ma'am.

16       Q.      All right.  Now the felony charges that

17   are pending against you, as I said, have been brought

18   by the United States Attorney by the way of a Criminal

19   Information.

20                   You have a constitutional right to be

21   charged by an indictment of the grand jury, but you can

22   waive that right and consent to being charged using the

23   Criminal Information that's been filed by the United

24   States Attorney.

25                   If you do not waive indictment, this

1    arraignment proceeding will not go forward today, and

2    the Government will be free to present its case to the

3    grand jury and ask the grand jury to indict you.

4              Now the grand jury is composed of at

5    least 16 and not more than 23 persons, and at least 12

6    grand jurors must find probable cause to believe that

7    you committed the crime with which you're charged

8    before you may be indicted.

9              If the Government presents its case to

10   the grand jury, the grand jury might or might not

11   indict you on this charge that is set forth in the

12   Criminal Information.  No one can predict precisely

13   what the grand jury would do in any particular

14   instance.  However, the grand jury is not restricted to

15   the charge that is contained in the Criminal

16   Information.  It would be free to consider any charges

17   that the Government wishes to present to the grand

18   jury.  And if the grand jury were to find probable

19   cause to believe that you committed other offenses,

20   then the grand jury could return an indictment charging

21   you with those other offenses.

22             Now if you waive an indictment by the

23   grand jury, the case will proceed against you on the

24   U.S. Attorney's Criminal Information, just as though

25   you had been indicted.

1              Now, sir, have you discussed waiving your

2    right to indictment by the grand jury with your

3    attorney?

4         A.      Yes, ma'am.

5         Q.      And do you understand your right to

6    indictment by the grand jury?

7         A.      Yes, ma'am.

8         Q.      Have any threats or promises been made to

9    you in order to get you to waive your right to

10   indictment?

11        A.      No, ma'am.

12        Q.      And do you, in fact, wish to waive your

13   right to indictment by the grand jury?

14        A.      Yes, ma'am.

15        Q.      And I believe you said that you

16   understand the charges that have been filed against

17   you?

18        A.      Yes, ma'am.

19        Q.      And do you understand what's happening in

20   court today?

21        A.      Yes, ma'am.

22        Q.      You understand that you are here with the

23   intent to enter a plea as to those charges set forth in

24   that Criminal Information?

25        A.      Yes, ma'am.

```
 1                    THE COURT:  And, Mr. Manning, have you
 2    had any difficulty communicating with your client, or
 3    any reason to doubt his mental competency?
 4                    MR. MANNING:  No, Your Honor.
 5                    THE COURT:  Any reason the Government has
 6    to doubt his mental competency?
 7                    MR. ONTJES:  No, Your Honor.
 8                    THE COURT:  And, Mr. Manning, is there
 9    any reason that you know of that the defendant should
10    not be waiving his right to indictment by the grand
11    jury?
12                    MR. MANNING:  No.
13                    THE COURT:  And I believe he has
14    previously signed a waiver; is that right?  I know I
15    had it.
16                    MR. MANNING:  Yes.
17                    THE COURT:  Here we go.
18                    All right.  The Court finds that the
19    defendant, Justin Cole Milam, is competent and appears
20    to understand the nature of these proceedings and to
21    ultimately plead in these matters.
22                    The Court further finds that the
23    defendant has knowing and voluntarily waived his right
24    to indictment, and will proceed with arraignment on the
25    United States Attorney's Criminal Information.
```

```
 1    BY THE COURT:
 2         Q.     Now, sir, have you had time to, and have
 3    you, in fact, discussed your case with your lawyer?
 4         A.     Yes, ma'am.
 5         Q.     And has Mr. Manning answered all of your
 6    questions concerning your case and your plea?
 7         A.     Yes, ma'am.
 8         Q.     And are you satisfied with Mr. Manning's
 9    advice and counsel to you?
10         A.     Yes, ma'am.
11         Q.     Now did you hear and understand the
12    explanation that I gave earlier today about your
13    rights?
14         A.     Yes, ma'am.
15         Q.     And did you understand my general
16    explanation of how you might be sentenced?
17         A.     Yes, ma'am.
18                THE COURT:  And, Mr. Manning, were all
19    formal plea offers by the Government conveyed to
20    Mr. Milam?
21                MR. MANNING:  Yes, Your Honor.
22                THE COURT:  All right.
23    BY THE COURT:
24         Q.     So, Mr. Milam, I have been handed a
25    Memorandum of Plea Agreement.  It's eight pages long,
```

1    dated August 14th, 2017, and it appears to be signed by

2    you, by your attorney, and by a representative of the

3    U.S. Attorney's Office. Did you, in fact, sign this

4    document, sir?

5         A.      Yes, ma'am.

6         Q.      It indicates that you have agreed to

7    waive indictment and to plead guilty to the Criminal

8    Information.

9              Now, have you had an opportunity to read

10    and to discuss this plea agreement with your attorney,

11    and did you, in fact, do so before you signed this plea

12    agreement?

13         A.      Yes, ma'am.

14         Q.      And does the plea agreement represent in

15    its entirety any and all agreements that you have with

16    the United States and the United States Attorney's

17    Office?

18         A.      Yes, ma'am.

19         Q.      And do you understand the words, the

20    terms, the language, the words, the sentences, even the

21    legal phrases in this document? Once you sat down with

22    Mr. Manning and reviewed it with him, did you

23    understand everything that was said in this plea

24    agreement?

25         A.      Yes, ma'am.

 1        Q.        And did you discuss with your attorney

 2    the appeal waiver contained in paragraph 2(c) on pages

 3    1 and 2?

 4        A.        Yes, ma'am.

 5        Q.        And do you understand that by entering

 6    into this plea agreement, by entering a plea of guilty

 7    that you may be giving up your right to appeal or to

 8    collaterally attack all or part of your conviction and

 9    your sentence?

10        A.        Yes, ma'am.

11        Q.        Do you have any questions about this plea

12    agreement?

13        A.        No, ma'am.

14        Q.        Other than what is in this plea

15    agreement, has anyone made any other or different

16    promises to you in order to get you to plead guilty?

17        A.        No, ma'am.

18        Q.        Has anyone threatened you in any way to

19    persuade you either to plead guilty or to accept this

20    plea agreement?

21        A.        No, ma'am.

22        Q.        Are you pleading guilty of your own free

23    will because you are, in fact, guilty?

24        A.        Yes, ma'am.

25        Q.        You understand that if you plead guilty

1    to the offense set forth in the Criminal Information,

2    that it is a felony, and you may lose your valuable

3    civil rights, and that if you're not a United States

4    citizen your immigration status may be adversely

5    affected?

6         A.        Yes, ma'am.

7         Q.        You understand that if I accept your plea

8    of guilty today, you can't simply change your mind and

9    later ask for a trial?

10        A.        Yes, ma'am.

11        Q.        And do you understand that any sentencing

12   recommendations contained in this plea agreement,

13   including those in paragraph 5(a) concerning a downward

14   adjustment for acceptance of responsibility, that those

15   are just recommendations, and the district judge is not

16   bound by those recommendations?

17        A.        Yes, ma'am.

18        Q.        Do you understand that the district judge

19   is free to establish whatever advisory guideline range

20   she believes to be correct, and to impose whatever

21   sentence she believes to be just and proper, regardless

22   of anything that may be set forth in this plea

23   agreement?

24        A.        Yes, ma'am.

25        Q.        Do you need any more time to think about

1    your plea here, to discuss your case with your attorney

2    before entering your plea?

3            A.      No, ma'am.

4            Q.      All right.  And, sir, how do you plead to

5    Count 1, the sole count of the Criminal Information?

6            A.      Guilty.

7            Q.      And did you, as charged, in Count 1 of

8    the Criminal Information, between November 2016 and

9    January 2017, knowingly employ, use, persuade, induce,

10   entice or coerce a minor to engage in sexually explicit

11   conduct for the purpose of producing visual materials

12   that have been mailed, shipped, and transported in

13   interstate and foreign commerce?

14           A.      Yes, ma'am.

15           THE COURT:  All right.  Thank you, sir.

16   You can have a seat.

17           I'll hear from the Government as to a

18   factual basis, Mr. Ontjes.

19           MR. ONTJES:  Yes, Your Honor.

20           Your Honor, some of the Government's

21   evidence to support the one count Criminal Information

22   is as follows:

23           That during an investigation by the FBI

24   in California of a registered sex offender, agents

25   identified the defendant's Kik account as trading child

1    pornography with the individual defendant in

2    California.  Subsequently, in March of 2016, agents

3    identified the defendant's IP address as being the

4    source of this Kik account; that address being 5633

5    Quail Covey Lane in Wendell, North Carolina, here in

6    the Eastern District of North Carolina.

7                 Subsequently, Your Honor, agents sought

8    and obtained a federal search warrant.  And on

9    January 12th, 2017, the FBI executed the search warrant

10   at the defendant's residence.  At the time of the

11   search the defendant was home.

12                During a non-custodial interview, the

13   defendant admitted to having the Kik account identified

14   as Luke.Smith25; that he also admitted to the agents to

15   trading and receiving child pornography over the

16   internet, and that agents he anticipated would find

17   child pornography on his media devices.

18                Those devices were seized, and a

19   subsequent computer forensic examination of the

20   defendant's iPhone and external hard drive revealed

21   approximately 117 videos and approximately 986 images

22   of child pornography.

23                In addition, Your Honor, agents also

24   recovered a Kik chat between the defendant and several

25   teenage boys, minors.  During these chats the defendant

1    -- and these chats occurred between November of 2016

2    and January of 2017 -- that during these chats agents

3    obtained evidence that the defendant requested from

4    these minor boys and received sexually explicit images

5    of these boys.  In exchange, the defendant exchanged

6    nude images of himself to these minor children.  All of

7    these images were transferred back and forth over the

8    internet.  At this time there is no evidence of any

9    hands-on abuse by this defendant of any of the

10   children.

11            That would be some of the Government's

12   evidence.  Thank you.

13            THE COURT:  Any objection to the

14   Government's proffer?

15            MR. MANNING:  No, Your Honor.

16            THE COURT:  All right.  The Court is

17   satisfied with the responses given during this hearing,

18   and makes the following finding on the record.

19            It is the finding of this Court in the

20   case of the United States versus Justin Cole Milam, the

21   defendant is fully competent and capable of entering an

22   informed plea.  That his plea of guilty is knowingly

23   and voluntarily made supported by an independent

24   factual basis containing each of the essential elements

25   of the offense, and his plea is therefore accepted; and

1  he is hereby adjudged guilty of Count 1 of the Criminal

2  Information.

3            The Court hereby conditionally approves

4  the Memorandum of Plea Agreement.

5            Sir, you will be notified of the date,

6  time, and place of sentencing in your case.  It's

7  anticipated that the sentencing will occur at the

8  Court's January or February 2018 term of court in New

9  Bern before Judge Flanagan.

10            And, Mr. Manning, if you will please

11  contact probation to commence preparation of the

12  presentence report.

13            MR. MANNING:  Of course.

14            THE COURT:  Now, this is his first

15  appearance, so there has been no determination as to

16  detention or release.  Is that correct that he is

17  currently in state custody?

18            MR. MANNING:  Yes, Your Honor, under a

19  bond, a very high bond.

20            THE COURT:  Do you wish to be heard at

21  all in regard --

22            What is the Government's position, first

23  of all?

24            MR. ONTJES:  The Government's position,

25  we seek detention in light of the defendant's plea of

```
 1    guilty.
 2                   MR. MANNING:  No objection.
 3                   THE COURT:  Okay.  All right.  Pursuant
 4    to 18 United States Code Section 3143, the Court orders
 5    that the defendant be detained pending further
 6    proceedings in his case?
 7                   Anything further on behalf of your
 8    client?
 9                   MR. MANNING:  No, not from the defendant,
10    Your Honor.
11                   THE COURT:  All right.
12                   Anything further on behalf of the
13    Government?
14                   MR. ONTJES:  No, Your Honor.  Thank you.
15                   THE COURT:  All right.
16                   Sir, that is going to conclude your
17    hearing today.  I am going to remand you into the
18    custody of the United States Marshal pending further
19    proceedings in your case.
20                   Good luck to you, sir.
21                   THE DEFENDANT:  Thank you.
22                   THE COURT:  Mr. Ontjes, I'm sorry, I
23    didn't ask.  Were there any victims?
24                   MR. ONTJES:  I apologize, Your Honor.
25    The victims in this case were notified; however, none
```

1    are here today.

2                    THE COURT:  Thank you.

3                    MR. ONTJES:  Thank you.

4                    (At 4:43 p.m. the testimony

5                    was concluded.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1            CERTIFICATE OF COURT REPORTER

 2

 3            I, Jill Hudnall Trail, Registered

 4    Professional Reporter, do hereby certify that Rachel E.

 5    Evan (Deceased) reported verbatim, by Stenotype, the

 6    proceedings in the above-captioned cause.  The

 7    proceedings were thereafter transcribed by me in

 8    Chesapeake, Virginia.

 9            I further certify that, to the best of my

10    knowledge and belief, the foregoing transcript

11    constitutes a true, accurate, and complete transcript

12    of said proceedings.

13            Given under my hand and notarial seal

14    this 26th day of June, 2018, at Norfolk, Virginia.

15

16

17

18

19

20

21

22              JILL H. TRAIL
                NOTARY PUBLIC
23          REGISTRATION # 198029
          COMMONWEALTH OF VIRGINIA

24          _____
            Jill Hudnall Trail, RPR
25          Notary Registration No. 198029
```

## $

**$100 (3)**
5:15,17;14:4
**$250,000 (1)**
13:25

## A

**ability (2)**
7:13;11:25
**able (3)**
2:23;11:15,18
**abolished (1)**
7:17
**abuse (1)**
24:9
**accept (3)**
4:11;20:19;21:7
**acceptance (1)**
21:14
**accepted (2)**
9:4;24:25
**accordingly (1)**
3:23
**account (3)**
22:25;23:4,13
**active (3)**
5:8,21;7:18
**addiction (1)**
11:21
**addition (2)**
5:18;23:23
**additional (1)**
6:9
**address (2)**
23:3,4
**adjudged (1)**
25:1
**adjudication (1)**
4:15
**adjustment (1)**
21:14
**admit (1)**
4:13
**admitted (2)**
23:13,14
**adversely (2)**
5:4;21:4
**advice (1)**
18:9
**advise (2)**
2:7;13:19
**advisory (5)**
6:10,14,21,25;
21:19
**affect (1)**
11:25
**affected (2)**
5:4;21:5
**affirm (1)**
9:24

**against (11)**
2:9,21;3:22;4:5;
5:17;10:13;11:4;12:9;
14:17;15:23;16:16
**agents (8)**
3:4;22:24;23:2,7,
14,16,23;24:2
**agreed (2)**
8:2;19:6
**agreement (18)**
7:9,10,22,24,25;
8:2;18:25;19:10,12,
14,24;20:6,12,15,20;
21:12,23;25:4
**agreements (4)**
7:11,20,22;19:15
**alcohol (1)**
11:24
**allegation (1)**
13:3
**alleges (1)**
12:17
**although (1)**
6:11
**and/or (2)**
7:6;13:25
**and-a-half (1)**
11:12
**answered (1)**
18:5
**anticipated (2)**
23:16;25:7
**apologize (1)**
26:24
**appeal (6)**
7:7,10,12,14;20:2,7
**appearance (1)**
25:15
**appearing (1)**
2:2
**appears (3)**
10:17;17:19;19:1
**Apple (2)**
13:15,15
**applicable (1)**
14:4
**applied (1)**
8:4
**apply (3)**
8:8;9:6;14:9
**appoint (1)**
2:25
**appropriate (1)**
9:10
**approves (1)**
25:3
**approximately (2)**
23:21,21
**argue (1)**
9:9
**arraignment (5)**
10:12,16,22;15:1;
17:24

**arrested (1)**
4:3
**assessment (2)**
5:14,17
**assigned (1)**
6:4
**assist (1)**
8:16
**associate (1)**
5:13
**attack (1)**
20:8
**attempt (1)**
3:7
**Attorney (19)**
2:10,20,23,24,25;
3:25;4:9;8:19,22;9:8,
10;10:17;14:18,24;
16:3;19:2,10;20:1;
22:1
**attorneys (1)**
3:4
**Attorney's (7)**
10:18;13:19;15:24;
17:25;19:3,16
**August (1)**
19:1
**authority (1)**
6:20

## B

**back (1)**
24:7
**based (2)**
2:5;6:1
**basis (2)**
22:18;24:24
**behalf (2)**
26:7,12
**believes (1)**
21:20,21
**Bern (1)**
25:9
**beyond (1)**
3:5
**Bible (1)**
10:3
**Bill (2)**
2:8;4:15
**binding (2)**
7:13;8:9
**bond (2)**
25:19,19
**bound (1)**
21:16
**boys (3)**
23:25;24:4,5
**bring (1)**
3:15
**brought (1)**
14:17
**burden (1)**

3:3

## C

**calculate (1)**
6:14
**California (2)**
22:24;23:2
**call (2)**
3:8;9:23
**called (2)**
2:5;4:4
**can (7)**
2:16;3:19;4:6;5:24;
14:21;15:12;22:16
**capable (1)**
24:21
**carefully (2)**
2:3;7:24
**Carolina (3)**
12:19;23:5,6
**case (16)**
2:4,25;5:24;9:6;
10:2;15:2,9,23;18:3,
6;22:1;24:20;25:6;
26:6,19,25
**cases (4)**
4:23;5:25;9:17,20
**cause (2)**
15:6,19
**certain (7)**
2:13;4:17,23;5:25;
6:20;13:6,13
**change (1)**
21:8
**charge (2)**
15:11,15
**charged (7)**
5:10;12:15;14:12,
21,22;15:7;22:7
**charges (11)**
2:14,17;4:5;10:8,
12;12:9,16;14:16;
15:16;16:16,23
**charging (2)**
2:11;15:20
**chat (1)**
23:24
**chats (3)**
23:25;24:1,2
**child (5)**
12:17;22:25;23:15,
17,22
**children (2)**
24:6,10
**circumstances (2)**
6:20;7:6
**citizen (3)**
3:24;5:3;21:4
**citizenship (1)**
5:6
**civil (3)**
4:17;5:9;21:3

**Clerk (2)**
9:23;10:1
**client (2)**
17:2;26:8
**Code (2)**
12:25;26:4
**coerce (1)**
22:10
**coerced (1)**
12:20
**Cole (5)**
10:2;5:11;8:17:19;
24:20
**collaterally (1)**
20:8
**college (1)**
11:13
**commence (1)**
25:11
**commerce (2)**
12:24;22:13
**Commission (2)**
6:10;13:12
**commit (1)**
13:11
**commitment (1)**
5:9
**committed (2)**
15:7,19
**communicating (1)**
17:2
**competency (2)**
17:3,6
**competent (3)**
3:5;17:19;24:21
**comply (1)**
6:5
**composed (1)**
15:4
**computer (1)**
23:19
**concerning (2)**
18:6;21:13
**conclude (1)**
26:16
**concluded (1)**
27:5
**concludes (1)**
9:16
**conclusion (1)**
5:8
**condition (1)**
6:8
**conditionally (1)**
25:3
**conduct (3)**
12:21,24;22:11
**conducted (1)**
10:24
**conducting (2)**
10:16,22
**conforms (1)**
7:25

**confused (1)**  
12:4  
**Consent (2)**  
10:14;14:22  
**consider (2)**  
6:16;15:16  
**consistent (1)**  
9:3  
**constitutional (1)**  
14:20  
**consular (1)**  
4:2  
**contact (1)**  
25:11  
**contained (3)**  
15:15;20:2;21:12  
**containing (2)**  
13:7;24:24  
**contains (1)**  
7:10  
**contends (1)**  
13:13  
**contest (1)**  
9:1  
**conveyed (1)**  
18:19  
**convicted (2)**  
13:20;14:13  
**conviction (4)**  
5:1,11;13:4;20:8  
**copy (2)**  
8:22;12:12  
**counsel (1)**  
18:9  
**count (7)**  
5:15,18;22:5,5,7,  
21;25:1  
**country (1)**  
4:2  
**course (1)**  
25:13  
**COURT (48)**  
2:1,2,24;3:15,15;  
4:13;6:5;7:17,21,23;  
8:9,10;9:4,5,9;10:7,  
10;12:1,7;14:5,10;  
16:20;17:1,5,8,13,17,  
18,22;18:1,18,22,23;  
22:15;24:13,16,16,19;  
25:3,8,14,20;26:3,4,  
11,15,22;27:2  
**courtroom (1)**  
9:22  
**Court's (2)**  
9:2;25:8  
**Covey (1)**  
23:5  
**crime (5)**  
4:23;5:2,11;7:8;  
15:7  
**crimes (1)**  
6:11  
**Criminal (21)**

2:11,12;4:16;6:1;  
12:13,16;14:8,12,18,  
23;15:12,15,24;  
16:24;17:25;19:7;  
21:1;22:5,8,21;25:1  
**cross-examine (1)**  
3:11  
**currently (2)**  
11:20;25:17  
**custody (3)**  
10:8;25:17;26:18

**D**

**dangerous (1)**  
5:10  
**date (1)**  
25:5  
**dated (1)**  
19:1  
**days (1)**  
9:19  
**decisions (1)**  
2:5  
**defendant (21)**  
9:25;10:5,6;13:23,  
24;14:8;17:9,19,23;  
23:1,11,13,24,25;  
24:3,5,9,21;26:5,9,21  
**defendants (1)**  
2:2  
**defendant's (5)**  
22:25;23:3,10,20;  
25:25  
**depart (1)**  
6:20  
**departure (1)**  
5:5  
**depictions (2)**  
13:6,7  
**deportation (1)**  
5:5  
**desire (1)**  
10:22  
**detained (1)**  
26:5  
**detention (2)**  
25:16,25  
**determination (1)**  
25:15  
**determining (2)**  
6:23;9:5  
**devices (2)**  
23:17,18  
**different (1)**  
20:15  
**difficulty (2)**  
11:16;17:2  
**directed (1)**  
6:6  
**discuss (3)**  
19:10;20:1;22:1  
**discussed (2)**

16:1;18:3  
**district (13)**  
3:10,23;6:12,16,19,  
22;7:1,12;8:17;12:19;  
21:15,18;23:6  
**dizzy (1)**  
12:3  
**document (5)**  
10:14,17,19;19:4,  
21  
**doubt (3)**  
3:6;17:3,6  
**down (1)**  
19:21  
**downward (2)**  
6:21;21:13  
**drive (3)**  
13:15,17;23:20  
**drug (1)**  
11:21  
**drugs (1)**  
11:25  
**duly (1)**  
10:6  
**during (6)**  
8:19;22:23;23:12,  
25;24:2,17

**E**

**earlier (1)**  
18:12  
**Eastern (2)**  
12:18;23:6  
**eight (1)**  
18:25  
**either (4)**  
4:6;6:24;8:7;20:19  
**elect (2)**  
3:17,21  
**elements (1)**  
24:24  
**eligible (1)**  
7:19  
**employ (1)**  
22:9  
**employed (1)**  
12:20  
**enforcement (1)**  
4:1  
**engage (2)**  
12:21;22:10  
**English (1)**  
11:16  
**enhanced (1)**  
14:9  
**ensure (1)**  
7:24  
**enter (2)**  
4:5;16:23  
**entered (3)**  
7:9;8:1;9:18  
**entering (4)**

20:5,6;22:2;24:21  
**entice (1)**  
22:10  
**enticed (1)**  
12:20  
**entirety (1)**  
19:15  
**entitled (4)**  
7:7;8:11,19;10:14  
**essential (1)**  
24:24  
**establish (1)**  
21:19  
**established (1)**  
6:10  
**even (2)**  
7:7;19:20  
**evidence (6)**  
3:5,12;22:21;24:3,  
8,12  
**examination (1)**  
23:19  
**examine (1)**  
6:22;7:24  
**exception (1)**  
14:4  
**exchange (1)**  
24:5  
**exchanged (1)**  
24:5  
**exclusion (1)**  
5:5  
**executed (1)**  
23:9  
**explain (2)**  
2:14;7:3  
**explanation (3)**  
9:16;18:12,16  
**explicit (1)**  
12:21;22:10;24:4  
**extent (1)**  
8:1  
**external (2)**  
13:16;23:20

**F**

**face (3)**  
2:18;13:20;14:13  
**faces (1)**  
13:24  
**fact (7)**  
3:21;10:19;16:12;  
18:3;19:3,11;20:23  
**factor (1)**  
8:7  
**factors (2)**  
6:18,23  
**facts (3)**  
9:1,3,3  
**factual (1)**  
22:18;24:24  
**false (1)**

11:5  
**falsely (1)**  
11:3  
**far (2)**  
11:11,12  
**favorable (1)**  
3:16  
**FBI (2)**  
22:23;23:9  
**February (1)**  
25:8  
**federal (4)**  
2:12;4:1;6:11;23:8  
**feel (3)**  
9:10;12:3,6  
**felony (4)**  
5:15;10:12;14:16;  
21:2  
**filed (5)**  
2:10;10:13;12:10;  
14:23;16:16  
**Finally (1)**  
9:12  
**find (3)**  
15:6,18;23:16  
**finding (2)**  
24:18,19  
**findings (1)**  
9:3  
**finds (2)**  
17:18,22  
**fine (2)**  
5:18;13:25  
**firearm (1)**  
4:18  
**First (3)**  
2:15;25:14,22  
**five (1)**  
14:1  
**Flanagan (1)**  
25:9  
**flash (1)**  
13:14  
**follow (2)**  
6:13;8:10  
**following (3)**  
2:3;5:21;24:18  
**follows (2)**  
2:7;22:22  
**force (2)**  
2:16;3:19  
**foreign (1)**  
12:24;22:13  
**forensic (1)**  
23:19  
**forfeit (2)**  
4:24;13:4  
**forfeitable (2)**  
13:13,17  
**forfeiting (1)**  
13:5  
**forfeiture (1)**  
13:3

Case 5:17-cr-00255-FL   Document 3991   Filed 06/26/18   Page 31 of 35

United States of America v.
Justin Cole Milam
    Arraignment
    October 12, 2017

**formal (1)**
18:19
**forth (7)**
6:18;9:1;15:11;
16:23;21:1,22;24:7
**forward (1)**
15:1
**found (3)**
4:14;5:16;8:14
**fraud (1)**
4:25
**free (4)**
15:2,16;20:22;
21:19
**front (3)**
3:9,9,10
**full (1)**
11:7
**fully (1)**
24:21
**furnished (1)**
12:12
**further (6)**
5:12;17:22;26:5,7,
12,18

**G**

**gave (1)**
18:12
**general (1)**
18:15
**Generation (1)**
13:16
**gigabyte (1)**
13:14
**given (5)**
5:20;8:22;9:8,14;
24:17
**giving (1)**
20:7
**Good (1)**
26:20
**Government (17)**
3:4;7:4;1,25;7:7,10;
8:2,5;13:4;14:6;15:2,
9,17;17:5;18:19;
22:17;26:13
**Government's (5)**
22:20;24:11,14;
25:22,24
**grand (18)**
2:9;14:21;15:3,3,4,
6,10,10,13,14,17,18,
20,23;16:2,6,13;17:10
**greater (1)**
6:24
**gross (1)**
13:9
**guideline (6)**
6:11,17,21,25;7:2;
21:19
**guidelines (5)**

6:13,14;7:5;8:6;9:5
**guilt (2)**
4:13,15
**guilty (26)**
3:5;4:6,6,7,12,14,
14;5:16,16;7:8;8:12,
14,14;9:17;19:7;20:6,
16,19,22,23,23,25;21:8;
22:6;24:22;25:1;26:1

**H**

**hand (2)**
10:3,14
**handed (1)**
18:24
**hands-on (1)**
24:9
**happening (1)**
16:19
**hard (2)**
13:16;23:20
**hear (2)**
18:11;22:17
**heard (2)**
9:14;25:20
**hearing (4)**
9:15,24;24:17;
26:17
**hereby (2)**
25:1,3
**high (1)**
25:19
**himself (1)**
24:6
**hire (1)**
2:23
**history (3)**
5:7;6:2;14:8
**hold (1)**
4:19
**home (1)**
23:11
**Honor (16)**
10:9;13:22,23;14:7;
17:4,7;18:21;22:19,
20;23:7,23;24:15;
25:18;26:10,14,24
**hours (1)**
11:23

**I**

**identifiable (1)**
4:23
**identified (3)**
22:25;23:3,13
**illness (1)**
11:21
**images (4)**
23:21;24:4,6,7
**immigration (2)**
5:3;21:4

**important (1)**
2:4
**impose (2)**
6:23;21:20
**imposed (6)**
5:8,17,19,22;6:5;
7:14
**imposes (1)**
7:1
**imposing (2)**
6:19;7:4
**imprisonment (3)**
6:9;13:25;14:3
**improper (2)**
3:13;8:25
**inaccurate (1)**
8:25
**incarceration (2)**
5:21;7:18
**included (1)**
13:2
**including (3)**
13:6,14;21:13
**incriminate (1)**
4:11
**indefinite (1)**
5:9
**independent (2)**
9:2;24:23
**indicates (1)**
19:6
**indict (2)**
15:3,11
**indicted (2)**
15:8,25
**Indictment (14)**
2:9;4:16;10:8;
14:21,25;15:20,22;
16:2,6,10,13;17:10,
24;19:7
**individual (3)**
5:24;6:1;23:1
**individually (1)**
9:20
**induce (1)**
22:9
**induced (1)**
12:20
**information (23)**
2:3,4,6,11;4:16;
8:18;12:13,16;13:2;
14:12,19,23;15:12,16,
24;16:24;17:25;19:8;
21:1;22:5,8,21;25:2
**informed (1)**
24:22
**informing (1)**
13:3
**innocent (1)**
3:2
**instance (1)**
15:14
**Instead (1)**

3:3
**instruct (1)**
3:23
**instructions (1)**
6:6
**intent (1)**
16:23
**internet (2)**
23:16;24:8
**interstate (2)**
12:23;22:13
**interview (2)**
8:20;23:12
**into (4)**
7:9;8:1;20:6;26:17
**investigation (1)**
22:23
**involves (1)**
4:25
**IP (1)**
23:3
**iPhone (2)**
13:15;23:20
**iPod (1)**
13:15
**items (1)**
13:6

**J**

**January (5)**
12:18;22:9;23:9;
24:2;25:8
**judge (13)**
3:10,23;6:12,16,19,
22;7:1;8:17;10:15,24;
21:15,18;25:9
**jurors (1)**
15:6
**jury (22)**
2:10;3:1,9,23;4:8,
19;14:21;15:3,3,4,10,
10,13,14,18,18,20,23;
16:2,6,13;17:11
**Justin (5)**
10:1,5;11:8;17:19;
24:20

**K**

**Kik (4)**
22:25;23:4,13,24
**kind (1)**
4:18
**knowing (2)**
10:21;17:23
**knowingly (3)**
12:19;22:9;24:22

**L**

**Lane (1)**
23:5

**language (1)**
19:20
**last (1)**
11:23
**later (2)**
11:3;21:9
**law (2)**
4:1;5:14
**laws (1)**
2:12
**lawyer (2)**
3:11;18:3
**least (2)**
15:5,5
**left (1)**
10:3
**legal (1)**
19:21
**legally (1)**
3:13
**less (2)**
13:24,25
**lesser (1)**
6:24
**life (1)**
6:1
**lifetime (2)**
14:1,3
**light (1)**
25:25
**lightheaded (1)**
12:3
**likely (1)**
5:11
**limited (1)**
13:14
**listen (1)**
2:3
**live (1)**
5:12
**long (1)**
18:25
**longer (1)**
6:12
**lose (2)**
4:16;21:2
**luck (1)**
26:20
**LukeSmith25 (1)**
23:14

**M**

**ma'am (41)**
10:20,25;11:6,14,
17,19,22;12:2,5,8,11,
14;14:15;16:4,7,11,
14,18,21,25;18:4,7,
10,14,17;19:5,13,18,
25;20:4,10,13,17,21,
24;21:6,10,17,24;
22:3,14
**Madam (1)**

Min-U-Script®
    Jill H. Trail, RPR
    (757) 692-1007
    (31) formal - Madam

Case 5:17-cr-00255-FL   Document 1391-1 Filed 06/26/18   Page 32 of 35

**9:23**
**Magistrate (2)**
  10:15,24
**mailed (3)**
  12:23;13:8;22:12
**makes (1)**
  24:18
**making (1)**
  11:5
**MANNING (16)**
  10:9;17:1,4,8,12,
  16;18:5,18,21;19:22;
  24:15;25:10,13,18;
  26:2,9
**Manning's (1)**
  18:8
**manufacturing (1)**
  12:17
**March (1)**
  23:2
**Marshal (2)**
  9:21;26:18
**materials (2)**
  12:22;22:11
**matter (1)**
  9:24
**matters (2)**
  13:7;17:21
**maximum (2)**
  13:20;14:13
**may (25)**
  2:5,20;3:16,17;
  4:16,21,24;5:1,3,4,9,
  12,13,19,20,23;6:8;
  7:7,13;11:3;15:8;
  20:7;21:2,4,22
**media (1)**
  23:17
**medication (1)**
  11:24
**Memorandum (2)**
  18:25;25:4
**mental (3)**
  11:21;17:3,6
**mentioned (1)**
  4:8
**method (1)**
  3:7
**might (4)**
  11:25;15:10,10;
  18:16
**Milam (7)**
  10:2,5;11:8;17:19;
  18:20,24;24:20
**mind (1)**
  21:8
**minor (4)**
  12:21;22:10;24:4,6
**minors (1)**
  23:25
**money (1)**
  4:22
**more (4)**

  2:12;13:24;15:5;
  21:25
**must (1)**
  15:6

**N**

**name (2)**
  10:4;11:7
**nationality (1)**
  4:2
**nature (1)**
  17:20
**need (5)**
  2:18;7:12,16,20;
  21:25
**negotiations (1)**
  7:23
**New (1)**
  25:8
**next (1)**
  9:24
**non-custodial (1)**
  23:12
**none (1)**
  26:25
**nor (1)**
  13:24
**North (3)**
  12:19;23:5,6
**notice (2)**
  5:1;13:3
**notified (2)**
  25:5;26:25
**notify (1)**
  4:1
**November (3)**
  12:18;22:8;24:1
**nude (1)**
  24:6
**Number (1)**
  10:2

**O**

**oath (4)**
  3:9,17,18;11:2
**object (2)**
  3:12;8:24
**objection (2)**
  24:13;26:2
**objectives (1)**
  7:25
**obligated (1)**
  7:23
**obtained (3)**
  13:10;23:8;24:3
**obtaining (1)**
  5:6
**occur (1)**
  25:7
**occurred (1)**
  24:1
**participate (1)**

**offender (1)**
  22:24
**offense (11)**
  4:7,12,13,25;5:15;
  6:2;13:5,21;14:14;
  21:1;24:25
**offenses (8)**
  5:7;6:15;9:13;13:9,
  10,12;15:19,21
**offers (1)**
  18:19
**office (5)**
  4:19;10:18;13:19;
  19:3,17
**officer (3)**
  4:2;6:4;8:16
**official (1)**
  4:1
**old (1)**
  11:9
**Once (1)**
  19:21
**one (6)**
  2:12,16;3:19;5:25;
  15:12;22:21
**one-count (1)**
  12:15
**only (1)**
  3:19
**ONTJES (10)**
  13:22;14:7;17:7;
  22:18,19;25:24;
  26:14,22,24;27:3
**open (1)**
  4:13
**opportunity (4)**
  8:23;9:8,14;19:9
**oppose (1)**
  8:3
**order (2)**
  16:9;20:16
**ordered (1)**
  4:21
**orders (1)**
  26:4
**outside (2)**
  7:2,5
**over (2)**
  23:15;24:7
**own (3)**
  2:23;9:2;20:22

**P**

**pages (2)**
  18:25;20:2
**paragraph (2)**
  20:2;21:13
**parole (2)**
  7:16,19
**part (2)**
  2:4;20:8
**participate (1)**

  7:22
**particular (4)**
  4:12;8:3,6;15:13
**party (1)**
  7:21
**penalties (3)**
  13:20;14:9,13
**pending (3)**
  14:17;26:5,18
**per (1)**
  5:18
**perjury (1)**
  11:4
**person (1)**
  5:10
**personal (1)**
  13:11
**persons (1)**
  15:5
**persuade (2)**
  20:19;22:9
**persuaded (1)**
  12:20
**phrases (1)**
  19:21
**Place (2)**
  10:3;25:6
**plea (38)**
  4:5,5,12;7:9,10,11,
  20,21,22,24;8:2,12;
  9:17;10:16,23;16:23;
  18:6,19,25;19:10,11,
  14,23;20:6,6,11,14,
  20;21:7,12,22;22:1,2;
  24:22,22,25;25:4,4,25
**plead (10)**
  4:6,14;5:16;8:14;
  17:21;19:7;20:16,19,
  25;22:4
**pleading (1)**
  20:22
**please (2)**
  9:21;25:10
**pled (1)**
  7:8
**pm (1)**
  27:4
**policy (1)**
  8:7
**pornography (5)**
  12:17;23:1,15,17,
  22
**portion (1)**
  8:24
**position (2)**
  25:22,24
**possess (1)**
  4:18
**power (1)**
  3:15
**precisely (1)**
  15:12
**predict (1)**

  15:12
**preparation (1)**
  25:11
**prepared (2)**
  8:15,21
**prescription (1)**
  11:24
**present (2)**
  8:19;15:2,17
**presentence (4)**
  8:15,23;9:2;25:12
**presents (1)**
  15:9
**presiding (1)**
  3:10
**presumed (1)**
  3:2
**prevented (1)**
  5:6
**previously (1)**
  17:14
**prior (1)**
  10:7
**probable (2)**
  15:6,18
**probation (4)**
  5:23;6:4;8:16;
  25:11
**Proceed (3)**
  10:14;15:23;17:24
**proceeding (1)**
  15:1
**proceedings (4)**
  10:23;17:20;26:6,
  19
**proceeds (1)**
  13:10
**produced (1)**
  13:7
**producing (2)**
  12:22;22:11
**proffer (1)**
  24:14
**profits (1)**
  13:9
**promises (2)**
  16:8;20:16
**promote (1)**
  13:11
**proper (1)**
  21:21
**property (5)**
  4:24;13:9,11,13,17
**prosecution (1)**
  11:4
**prove (2)**
  3:3,5
**provide (1)**
  5:1
**provision (1)**
  8:6
**public (1)**
  4:19

**purpose (3)**
10:15;12:22;22:11
**purposes (1)**
10:22
**Pursuant (1)**
26:3

## Q

**Quail (1)**
23:5

## R

**raise (1)**
10:3
**range (7)**
5:24;6:17,21,25;
7:2;8:4;21:19
**ranges (1)**
6:11
**read (2)**
11:18;19:9
**real (1)**
13:10
**rearrange (1)**
9:21
**reason (3)**
17:3,5,9
**reasonable (1)**
3:6
**reasons (1)**
7:4
**receive (3)**
7:18,19;8:13
**received (1)**
24:4
**receiving (1)**
23:15
**recently (1)**
11:20
**recommend (1)**
8:3
**recommendation (2)**
8:8,11
**recommendations (3)**
21:12,15,16
**recommended (2)**
8:5,13
**record (3)**
7:3;10:4;24:18
**recovered (1)**
23:24
**regard (2)**
7:20;25:21
**regarding (1)**
2:17
**regardless (1)**
21:21
**registered (1)**
22:24
**relate (1)**
2:13

**release (8)**
5:21,22,24;6:3,8;
14:2,2;25:16
**relevant (2)**
6:17,22
**remain (1)**
2:15
**remand (1)**
26:17
**replied (1)**
9:5
**report (9)**
6:4;8:15,18,21,23,
24,25;9:2;25:12
**represent (2)**
2:25;19:14
**representative (2)**
10:18;19:2
**represented (1)**
2:22
**request (5)**
2:24;3:25;8:3,8,11
**requested (3)**
8:5,13;24:3
**require (1)**
6:3
**required (7)**
4:24;5:1,14;6:8,12,
14;7:3
**residence (1)**
23:10
**responses (1)**
24:17
**responsibility (1)**
21:14
**restitution (2)**
4:22;14:3
**restricted (2)**
7:15;15:14
**restrictions (1)**
5:12
**result (1)**
5:11
**return (1)**
15:20
**returned (1)**
2:9
**revealed (1)**
23:20
**review (1)**
8:24
**reviewed (1)**
19:22
**revocation (1)**
14:2
**right (39)**
2:1,15,22,24;3:1,11,
14,25;4:7,9,10,17,18,
19,19;9:23;10:4,11;
14:5,11,16,20,22;
16:2,5,9,15;17:9,10,14,
18,23;18:22;20:7;
22:4,15;24:16;26:3,

11,15
**rights (7)**
2:13,14;4:8,17;
9:17;18:13;21:3

## S

**sat (1)**
19:21
**satisfied (2)**
18:8;24:17
**scheduled (1)**
9:18
**school (1)**
11:11
**Seagate (1)**
13:16
**search (3)**
23:8,9,11
**seat (1)**
22:14
**Second (1)**
13:15
**Section (1)**
26:4
**Sections (1)**
12:25
**seek (1)**
25:25
**seeking (2)**
13:4;14:6
**seized (1)**
23:18
**sentence (12)**
5:8;6:19,24;7:1,4,7,
14;8:4,13;9:9;20:9;
21:21
**sentenced (2)**
9:13;18:16
**sentences (1)**
19:20
**Sentencing (17)**
6:10,13,18,23;7:4,
25;8:4,6,7,17;9:7,11,
14,18;21:11;25:6,7
**separate (1)**
11:4
**serious (1)**
10:12
**serve (2)**
4:18;6:8
**services (1)**
4:22
**set (6)**
6:18;9:1;15:11;
16:23;21:1,22
**several (1)**
23:24
**severely (1)**
7:14
**sex (3)**
5:7,11;22:24
**sexually (4)**

11,15

5:10;12:21;22:10;
24:4
**shipped (3)**
12:23;13:8;22:12
**sign (2)**
10:19;19:3
**signed (4)**
10:17;17:14;19:1,
11
**silent (1)**
2:16
**similar (1)**
5:22
**simply (2)**
8:12;21:8
**sole (1)**
22:5
**sooner (1)**
9:19
**sorry (1)**
26:22
**sought (1)**
23:7
**source (1)**
23:4
**speak (2)**
9:8;11:15
**special (3)**
5:14,17;14:4
**specifically (1)**
6:13
**specifies (1)**
13:12
**stand (2)**
3:18,20
**state (3)**
10:4,8;25:17
**statement (3)**
2:17;8:7;11:5
**statements (1)**
2:19
**States (24)**
2:10;3:24;4:25;5:3,
6;6:4,9;7:17;8:16;
10:1,15,24;12:25;
13:6,19;14:18,24;
17:25;19:16,16;21:3;
24:20;26:4,18
**status (2)**
5:3;21:4
**statute (2)**
6:18;9:11
**statutory (1)**
6:22
**subject (2)**
5:4,9
**subpoena (1)**
3:15
**subsequent (1)**
23:19
**Subsequently (2)**
23:2,7
**substances (1)**

11:25
**substantial (1)**
5:12
**supervised (7)**
5:20,22,23;6:3,7;
14:1,2
**support (1)**
22:21
**supported (1)**
24:23
**swear (1)**
9:24
**sworn (1)**
10:6
**system (1)**
7:17

## T

**teenage (1)**
23:25
**ten (1)**
5:25
**terabyte (1)**
13:16
**term (8)**
5:20,21,23;6:9;
7:18;14:1,3;25:8
**terms (1)**
19:20
**testify (6)**
3:8,17,18,20,21,22
**testimony (1)**
27:4
**therefore (2)**
14:8;24:25
**though (1)**
15:24
**threatened (1)**
20:18
**threats (1)**
16:8
**three (1)**
11:12
**Title (1)**
12:25
**today (15)**
2:2,5,8;4:4;9:18,19;
10:11;12:1,7;15:1;
16:20;18:12;21:8;
26:17;27:1
**top (1)**
5:18
**trading (2)**
22:25;23:15
**transferred (1)**
24:7
**transported (3)**
12:23;13:8;22:12
**treated (1)**
11:21
**trial (8)**
3:1,2,19;4:8,14;

5:16;8:15;21:9

### U

**ultimately (1)**
17:21
**under (7)**
3:9,17,18;7:6;9:10;
11:2;25:18
**underlying (1)**
7:8
**United (24)**
2:10;3:24;4:24;5:2,
6;6:4,9;7:17;8:16;
10:1,15,24;12:25;
13:5,19;14:18,23;
17:25;19:16,16;21:3;
24:20;26:4,18
**unless (1)**
4:12
**up (6)**
5:25,25;9:20;14:1,
3;20:7
**upon (7)**
2:5;4:4,15;6:1;9:5;
13:4;14:2
**upward (1)**
6:20
**use (2)**
3:14;22:9
**used (5)**
2:21;3:22;11:3;
12:20;13:11
**using (1)**
14:22

### V

**valuable (2)**
4:17;21:2
**versus (2)**
10:1;24:20
**victims (6)**
4:22;5:2;9:12,13;
26:23,25
**videos (1)**
23:21
**violate (1)**
6:7
**violation (3)**
2:11;12:25;13:8
**virtually (1)**
7:11
**visual (4)**
12:22;13:6,7;22:11
**voluntarily (3)**
2:18;17:23;24:23
**voluntary (2)**
5:5;10:21
**vote (1)**
4:20

### W

**waive (8)**
4:7,10;14:22,25;
15:22;16:9,12;19:7
**waived (1)**
17:23
**waiver (4)**
7:11,13;17:14;20:2
**waiving (2)**
16:1;17:10
**warrant (2)**
23:8,9
**way (2)**
14:18;20:18
**Wendell (1)**
23:5
**what's (3)**
12:1,6;16:19
**wish (3)**
3:19;16:12;25:20
**wishes (1)**
15:17
**withdraw (1)**
8:12
**without (1)**
11:16
**witness (2)**
3:18,20
**witnesses (4)**
3:8,12,16,17
**words (2)**
19:19,20
**work (1)**
5:13
**written (1)**
8:15

### Y

**year (1)**
5:25
**years (5)**
5:25;11:12;13:24,
25;14:1

### 1

**1 (5)**
13:16;20:3;22:5,7;
25:1
**117 (1)**
23:21
**12 (1)**
15:5
**12th (1)**
23:9
**14th (1)**
19:1
**15 (1)**
13:24
**16 (1)**

15:5
**18 (2)**
12:25;26:4

### 2

**2 (1)**
20:3
**2016 (4)**
12:18;22:8;23:2;
24:1
**2017 (5)**
12:18;19:1;22:9;
23:9;24:2
**2018 (1)**
25:8
**22 (1)**
11:10
**2251a (1)**
13:1
**23 (1)**
15:5
**24 (1)**
11:23
**2c (1)**
20:2

### 3

**30 (1)**
13:24
**3143 (1)**
26:4
**32 (1)**
13:14

### 4

**4:43 (1)**
27:4

### 5

**5:17-cr-00265-1-FL (1)**
10:2
**5633 (1)**
23:4
**5a (1)**
21:13

### 6

**60 (1)**
9:19
**6s (1)**
13:15

### 9

**986 (1)**
23:21