**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4221

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JUSTIN COLE MILAM,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00265-FL-1)

Submitted: December 31, 2018                                             Decided: January 4, 2019

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Cole Milam pled guilty, pursuant to a written plea agreement, to manufacturing child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012). He received a 312-month sentence. On appeal, Milam argues that (1) the facts provided by the Government are insufficient to establish his guilt; (2) the Government obtained evidence against him absent a warrant, in violation of the Fourth Amendment; (3) he received ineffective assistance of counsel; (4) the sentence imposed was procedurally and substantively unreasonable; and (5) Milam's confession was obtained in violation of his Fifth Amendment rights. The Government has moved to dismiss the appeal as barred by Milam's waiver of the right to appeal included in the plea agreement.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Milam knowingly and voluntarily waived his right to appeal. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to all but two issues that fall within the scope of the waiver. We deny the Government's motion with regard to Milam's claims that there is an insufficient factual basis to support the plea and that counsel rendered ineffective assistance, as those claims fall outside the bounds of the appeal waiver. *United States v. McCoy*, 895 F.3d 358, 363-64 (4th Cir. 2018), *cert. denied*, __ S. Ct. __, No. 18-6304, 2018 WL 5017623 (U.S. Nov. 13, 2018).

As to Milam's first claim, because he did not object to the factual basis below, his claim is reviewed only for plain error. *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). "Plain error requires the existence of (1) an

error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

An individual is guilty of violating 18 U.S.C. § 2251(a) if he "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2251(a). Furthermore, "a defendant must engage in the sexual activity with the specific intent to produce a visual depiction; it is not sufficient simply to prove that the defendant purposefully took a picture." *United States v. Palomino-Coronado*, 805 F.3d 127, 131 (4th Cir. 2015). The facts provided in the plea agreement and the Government's factual basis set forth at the guilty plea hearing provide a sufficient basis to support Milam's guilty plea.

Finally, we decline to review the claim of ineffective assistance of counsel on direct appeal, as the record does not conclusively demonstrate ineffective assistance. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (providing standard).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3