IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-79-FL-1
NO. 5:17-CR-265-FL-1

| | | |
|---|---|---|
| JUSTIN COLE MILAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 46) and respondent's motion to dismiss (DE 56). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II ("Judge Numbers") entered a memorandum and recommendation ("M&R") (DE 65), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

**BACKGROUND**

Petitioner pleaded guilty on October 12, 2017, pursuant to a written plea agreement, to manufacturing child pornography, in violation of 18 U.S.C. §§ 2251(a),(d). The court sentenced petitioner, on April 5, 2018, to a term of imprisonment of 312 months. Petitioner appealed and the court of appeals dismissed the appeal in part and affirmed the conviction in remaining part.

Petitioner filed the instant motion to vacate on March 3, 2020, asserting claims based upon ineffective assistance of counsel. Respondent filed the instant motion to dismiss on June 8, 2020. Judge Numbers held a hearing on the motions on January 15, 2021, and entered a M&R on January 25, 2021, recommending that the court deny petitioner's motion, grant respondent's motion, and dismiss petitioner's ineffective assistance of counsel claims. Petitioner timely filed objections.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil

Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner raises specific objections to determinations in the M&R that: 1) the collateral-attack waiver in petitioner's plea agreement bars claims of ineffective assistance of counsel known to petitioner at the time he pleaded guilty, 2) petitioner's claim of ineffective assistance of counsel at sentencing fails for failure to show that he received a longer sentence due to counsel's allegedly deficient performance, and 3) petitioner's claim of ineffective assistance of counsel based upon validity of his plea agreement fails where petitioner's plea agreement was not illusory. Upon de novo review of the claims subject of petitioner's objections, the court overrules the objections and adopts the findings and recommendation in the M&R. The court writes separately to address issues raised in petitioner's objections.

    1.    Collateral-Attack Waiver

Petitioner objects to the magistrate judge's determination that the collateral-attack waiver in petitioner's plea agreement bars his ineffective assistance of counsel claims predicated upon conduct petitioner knew about when he pleaded guilty. This determination rests on two considerations: the validity and scope of petitioner's collateral-attack waiver.

        a.    Validity

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). When deciding whether a waiver is knowing a voluntary, the court "must determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea

hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal." Id. (quotations and citations omitted). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." Id. at 220-21.

Courts look to the Rule 11 plea hearing because "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." Id. (citations omitted). "Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings.'" Id.; see Lee v. United States, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003) ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). As a result, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221–22.

Here, several allegations in petitioner's § 2255 motion bear on whether his waiver was knowing and voluntary, including: 1) counsel told him that his parents wanted him to plead guilty and that "he had no hope at trial"; 2) "he was threatened he would receive life if he did not sign the plea"; 3) "he was promised the plea would result in the minimum sentence of 7 years . . . which [he] understood would be the worst sentence"; 4) counsel "promised he would receive a reduction motion that counsel had no reason to believe would be filed"; 5) "counsel advised he was guilty prior to review and investigation of the Government's evidence"; 6) "[he] was given no advice or

4

explanation about the appeal waiver that was included in the agreement"; 7) "counsel bullied him into signing by repeated abusive conduct while in custody overcoming his resistance"; and 8) "counsel told him he could not tell the judge in court at the arraignment he was not guilty and why he signed the plea because it was a done deal and could not be undone." (Mem. (DE 46-1) at 8-9).

The foregoing allegations directly contradict petitioner's "[s]olemn declarations in open court." Lemaster, 403 F.3d at 222 (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). During his plea colloquy, petitioner affirmed that he "discussed the case with [his] lawyer", his lawyer "answered all of [his] questions concerning [his] case and [his] plea", and he was "satisfied with [his lawyer's] advice and counsel to [him]." (Arraignment Transcript (DE 46-11) 18:2-10); see United States v. Craig, 985 F.2d 175, 180 (4th Cir. 1993) ("[W]e cannot find any error in the district court's implicit rejection of [defendant's] claim that in the end his counsel had bullied him into pleading guilty.. . . this is of course bolstered by [defendant's] agreement during the properly conducted Rule 11 proceeding that he had been "entirely satisfied" with his counsel's services.").

During the Rule 11 hearing, petitioner also agreed that "the plea agreement represent[ed] in its entirety any and all agreements that [he] ha[d] with the United States and the United States Attorney's Office" and that, after his attorney reviewed the plea agreement with him, he understood "everything that was said" in the plea agreement. (Id. 19:14-24). Moreover, petitioner indicated that he discussed the appeal and collateral-attack waivers with his attorney, and that he understood that he was giving up his "right to appeal or collaterally attack all or part of his conviction and sentence." (Id. 20:1-10). He further affirmed that no one had "made any other or different promises to [him] in order to get [him] to plead guilty", no one had "threatened [him] in

5

any way to persuade [him] either to plead guilty or to accept th[e] plea agreement", and "he was pleading guilty of [his] own free will because [he was] in fact, guilty." (Id. 20:14-24).

In light of petitioner's testimony during his Rule 11 colloquy, the contrary allegations in his § 2255 motion are palpably incredible and patently frivolous or false.[1] Moreover, there are no extraordinary circumstances present here, as there were in United States v. White, 366 F.3d 291, (4th Cir. 2004), where the government conceded the guilty plea was involuntary due to admittedly ineffective representation, or as there were in Fontaine v. United States, 411 U.S. 213 (1973), where the petitioner was severely physically and mentally ill and uncounseled at the time of his Rule 11 colloquy.

Petitioner argues that it cannot be concluded, based upon the present record, that he was not severely physically or mentally ill at the time of his guilty plea. However, during his Rule 11 hearing, petitioner affirmed that he was not "currently or . . . recently be[ing] treated for any mental illness or drug addiction"; that, in the last 24 hours, he had not "had any alcohol, any prescription medication, or any other drugs or substances that might affect [his] ability to understand what's going in court"; that he did not "feel dizzy, lightheaded or confused"; and that he felt "like [he] underst[ood] what's going on in court." (Arraignment Transcript (DE 46-11) 11:20-12:8). In light of these solemn declarations, petitioner's physical and mental health during his Rule 11 hearing do not present extraordinary circumstances.

Next, petitioner argues that extraordinary circumstances are present due to counsel's alleged ineffectiveness, relying upon Lee, 137 S. Ct. 1958. However, petitioner misreads Lee.

---

[1] Petitioner argues that the magistrate judge erred by failing to accept petitioner's allegations as true. Petitioner's argument fails to consider that his allegations are viewed against the record of the Rule 11 plea hearing, and his "solemn declarations in open court" carry a strong presumption of verity. Lemaster, 403 F.3d at 222. Where the magistrate judge correctly found petitioner's present allegations to be palpably incredible and patently frivolous or false against this backdrop, petitioner's contention that the magistrate judge "ignores the court's overarching duty to ensure the reliability of the judgment and ensure justice", (Obj. (DE 66) at 22), is also without merit.

6

Petitioner presents the standard set forth in Lee, as an alternative standard to the one set forth in Strickland v. Washington, 466 U.S. 668 (1984),[2] and argues that under Lee, the court need not consider whether petitioner was prejudiced by counsel's allegedly deficient performance. Contrary to petitioner's contentions, the United States Supreme Court applied the Strickland standard in Lee, and held that to demonstrate prejudice, as required by Strickland, the petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee, 137 S. Ct. at 1965 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Here, petitioner cannot make the requisite showing. Assuming petitioner "was threatened he would receive life if he did not sign the plea", that "he was promised the plea would result in the minimum sentence of 7 years . . . which [petitioner] understood would be the worst sentence", and that counsel "promised he would receive a reduction motion that counsel had no reason to believe would be filed", (Mem. (DE 46-1) at 8-9), and assuming without deciding that the foregoing advice fell below the standard of reasonably effective assistance, "any misinformation [petitioner] may have received from his attorney was corrected by the [ ] court at the Rule 11 hearing, and thus [petitioner] was not prejudiced." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995); see United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). Indeed, here petitioner was instructed during his Rule 11 hearing that he faced a

---

[2] Strickland established a two-part test for evaluating ineffective assistance of counsel claims. First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Strickland, 466 U.S. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

7

minimum sentence of 15 years imprisonment, rather than seven years imprisonment, and that he faced a maximum sentence of 30 years imprisonment, not life imprisonment. (Arraignment Transcript (46-11) 13:22-14:4); see Foster, 68 F.3d at 88 ("Thus, even if Foster's trial counsel provided Foster incorrect information about sentencing, Foster was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence.").

Furthermore, petitioner affirmed that the plea agreement "represent[ed] in its entirety any and all agreements that [he] ha[s] with the United States and the United States Attorney's Office", (Id. 19:14-18), and in the plea agreement, the government did not agree to file any "reduction motion." (See Plea Agreement (DE 27) ¶ 4(d)) ("The United States agrees . . . [t]hat it will make known to the Court at sentencing the full extent of the Defendant's cooperation, if any, but the United States is not promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.") (emphasis added).

Where the court corrected any misadvice petitioner allegedly received from counsel, before accepting petitioner's guilty plea, and petitioner affirmed under oath that he understood the court's admonishment, petitioner cannot demonstrate prejudice. See United States v. Akande, 956 F.3d 257, 262 (4th Cir. 2020) ("Circuit precedent holds that a defendant cannot prevail on a claim of ineffective assistance of counsel that arises from counsel's misadvice if, before accepting the plea, the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." (citations and quotations omitted)). As a result, the misadvice allegedly provided by counsel did not present "exceptional circumstances", and petitioner's waiver of his collateral-attack rights was knowing and voluntary.[3]

---

[3] Moreover, petitioner talked to his mother on the phone on August 11, 2017, regarding signing the plea agreement, so he was aware of his parents' position on whether he should plead guilty well in advance of his Rule 11 hearing, regardless of any alleged representations made by counsel prior to that phone call. (See Tina Mila Aff. (DE 46-3) at 9-10).

8

b. Scope

Turning to the second consideration, scope, petitioner agreed to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] motion based upon grounds of ineffective assistance of counsel . . . <u>not known to the Defendant at the time of the Defendant's guilty plea</u>." (Plea Agreement (DE 27) ¶ 2(c)) (emphasis added). Petitioner's waiver comports with applicable law because it excludes "errors that the defendant[ ] could not have reasonably contemplated when the plea agreement[ ] w[as] executed." <u>United States v. Blick</u>, 408 F.3d 162, 172 (4th Cir. 2005). Thus, the magistrate judge correctly determined that the collateral-attack waiver bars the alleged instances of ineffective assistance of counsel that petitioner knew of when he pleaded guilty. (<u>See</u> M&R (DE 65) at 16).[4]

2. Assistance of Counsel at Sentencing

Petitioner objects to the magistrate judge's determination that his claim of ineffective assistance of counsel at sentencing fails, where petitioner cannot show he received a longer sentence due to counsel's allegedly deficient performance.

"[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." <u>United States v. Breckenridge</u>, 93 F.3d 132, 135 (4th Cir.1996). Ineffective assistance claims in the context of noncapital sentencing cases require a showing that the defendant received a greater sentence than he would have, but for counsel's unprofessional

---

[4] Petitioner argues that the magistrate judge erred by "ignoring" <u>United States, v. Hashime</u>, 734 F.3d 278 (4th Cir. 2013), a case regarding custodial interrogations, which petitioner cites in his brief. (<u>See</u> Obj. (DE 66) at 15-16). Where petitioner knew, at the time of his guilty plea, about counsel's decision not to file a motion to suppress the statements he made to investigators, any ineffective assistance of counsel claim predicated upon this decision is barred by the collateral-attack waiver. As a result, the magistrate judge had no obligation to discuss <u>Hashime</u>, as it was irrelevant to adjudication of petitioner's § 2255 motion.

errors. See Glover v. United States, 531 U.S. 198, 204 (2001). In Glover, the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance," and therefore, a claim of ineffective assistance of counsel does not require a showing of a significantly increased sentence as a result of counsel's errors. Id.; see also United States v. Soto, 10 F. App'x 226, 228 (4th Cir. 2001).

Here, the United States Sentencing Guidelines recommended a life sentence, but because petitioner's statute of conviction carried a maximum term of imprisonment, petitioner's advisory guidelines range was 360 months, or 30 years imprisonment. (Jan. 9, 2018, Transcript (DE 46-9) 5:2-18). Upon petitioner's motion for downward variance, the court imposed a sentence of 312 months, or 26 years, stating to petitioner's counsel "thank you for your really significant efforts in collecting the material that was helpful to me in deciding a variance was appropriate." (April 5, 2018, Transcript (DE 46-10) 27:11-14). Thus, the court imposed a lesser sentence, at least in part, due to counsel's advocacy.[5] As a result, petitioner cannot show that he received a longer sentence due to counsel's allegedly ineffective representation.

Arguing that "there is no evidence in this record that any 'children' actually took the photographs that were transmitted to defendant via cell phone culminating in these manufacturing theory charges", petitioner faults counsel for failing to contest the sufficiency of the evidence at sentencing. (See Obj. (DE 66) at 20). However, at the time of his sentencing, petitioner had already pleaded guilty to manufacturing child pornography, in violation of 18 U.S.C. §§ 2251(a),(d), and counsel strategically relied upon petitioner's acceptance of responsibility as a mitigating factor. (See April 5, 2018, Transcript (DE 46-10) at 5:14-15) ("With respect to

---

[5] In objections, petitioner argues that his parents, rather than counsel, collected petitioner's sentencing materials such as character letters. However, counsel used this information to advocate on petitioner's behalf, by filing a sentencing memorandum and by making oral arguments to the court.

reoffending . . . [Petitioner has] accepted responsibility for, and feels, guilt, shame, and remorse for what he's done."). This strategy was objectively reasonable. See Walton v. Angelone, 321 F.3d 442, 466 (4th Cir. 2003) ("Even though [counsel's] chosen sentencing strategy (Walton was a young, remorseful man who was capable of doing well in confinement) had its own pitfalls . . .[counsel's] decision concerning the sentencing strategy was an objectively reasonable one, and, therefore, Walton cannot demonstrate that [counsel's] representation was constitutionally deficient." (parenthesis in original)); cf. United States v. Burns, 781 F.3d 688, 692 (4th Cir. 2015) ("When [defendant] disputed that he acted with the intent to kill, he denied 'relevant conduct for which [he] is accountable under [U.S.S.G.] § 1B1.3.' He thereby jeopardized his claim to an acceptance-of-responsibility reduction." (alteration in original) (quoting U.S.S.G. § 3E1.1 cmt. n. 1(A)).

To the extent petitioner argues there was insufficient evidence to support his conviction, the Fourth Circuit has already rejected this argument on direct appeal. See United States v. Milam, 746 F. App'x 289, 290 (4th Cir. 2019) ("The facts provided in the plea agreement and the Government's factual basis set forth at the guilty plea hearing provide a sufficient basis to support Milam's guilty plea."). In consequence, petitioner cannot relitigate this issue. See Foster v. Chatman, 136 S. Ct. 1737, 1758, (2016) (Alito, J., concurring in judgment) ("[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."); United States v. Roane, 378 F.3d 382, 396, n.7 (4th Cir. 2004) (explaining that defendant cannot relitigate issues previously rejected on direct appeal).[6]

---

[6] Petitioner argues the magistrate judge erred in failing to address, United States v. Palomino-Coronado, 805 F.3d 127 (4th Cir. 2015), a case addressing the sufficiency of evidence underlying a conviction. Where the Fourth Circuit rejected petitioner's sufficiency of the evidence arguments on direct appeal, the magistrate judge did not err by omitting reference to Palomino-Coronado.

11

Where petitioner's counsel strategically relied upon petitioner's acceptance of responsibility as a mitigating factor at sentencing, and where the court imposed a lesser sentence, in part, due to counsel's advocacy, petitioner fails to demonstrate that his counsel provided ineffective assistance of counsel at sentencing.[7]

3. Validity of Plea Agreement

Petitioner objects to the magistrate judge's determination that his ineffective assistance of counsel claim, predicated on the validity of his plea agreement, fails, where the plea agreement is not illusory. "[T]he judicial interpretation of plea agreements is largely governed by the law of contracts." United States v. Martin, 25 F.3d 211, 216–17 (4th Cir. 1994) (citations omitted). As relevant here, a contract "must be supported by consideration" "to be binding and enforceable." Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005) (citation omitted). A promise becomes consideration for another promise "only when it constitutes a binding obligation." Id. "Unlike a binding obligation, an illusory promise appears to be a promise, but it does not actually bind or obligate the promisor to anything. Because an illusory promise is not binding on the promisor, an illusory promise cannot constitute consideration." Id. (citations omitted).

Here, in exchange for petitioner's guilty plea, the government promised not to prosecute defendant for additional criminal offenses related to conduct in the criminal information. (See Plea Agreement (DE 27) ¶¶ 4(c), (h)). As this promise was a binding obligation on part of the government, it was not illusory. Moreover, as the magistrate judge correctly noted, the

---

[7] Petitioner contends the magistrate judge erred in requiring petitioner show that he received a longer sentence due to counsel's allegedly deficient performance at sentencing, arguing that under Lee, "the court does not ask what the result might have been." (Obj. (DE 66) at 11). However, the standard set forth in Lee pertains to claims of ineffective assistance of counsel during the plea-bargaining process, not during sentencing. Moreover, as stated in more detail herein, petitioner fails to satisfy the standard in Lee because he cannot show a "reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee, 137 S. Ct. at 1969 (citing Hill, 474 U.S. at 59).

government's promise benefitted petitioner, since petitioner's conduct could have led to several other related charges, each carrying a lengthy prison sentence, which if imposed consecutively, could have resulted in a life sentence.

Petitioner argues the plea agreement is illusory, and conferred no benefit to petitioner, because he waived his right to an indictment and pleaded guilty to criminal information. Petitioner fails to explain how pleading guilty to a criminal information diminished the benefit he received—immunity from further charges—or rendered the government's obligation to refrain from further prosecution any less binding.

Petitioner also argues that his plea agreement is invalid due to duress. However, as stated in more detail herein, petitioner's allegations of duress are palpably incredible and patently frivolous or false in light of his contrary testimony during his Rule 11 colloquy. (See Arraignment Transcript (46-11) 20:14-24) (affirming that no one had "made any other or different promises to [him] in order to get [him] to plead guilty", no one had "threatened [him] in any way to persuade [him] either to plead guilty or to accept th[e] plea agreement", and "he was pleading guilty of [his] own free will because [he was] in fact, guilty").

Therefore, petitioner's plea agreement was valid, and his ineffective assistance of counsel claim on this basis fails.

C. Prosecution for Perjury

The magistrate judge recommends that this matter be referred to the United States Attorney's Office for consideration on whether petitioner should be prosecuted for perjury. Where M&R was served upon Dennis Duffy, the Assistant United States Attorney representing respondent in this matter, the court takes no further action regarding this recommendation.

D.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court adopts the M&R. Petitioner's motion to vacate, set aside, or correct his sentence (DE 46) is DENIED, and respondent's motion to dismiss (DE 56) is GRANTED. Petitioner's ineffective assistance of counsel claims are dismissed. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of May, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge